LEYPOLDT & WICKSTROM, APPELLEE, v. JAMES M. ALDERMAN, APPELLANT.

FILED MAY 6, 1921. No. 21250.

1. **Evidence:** WRITTEN CONTRACT: PAROL EVIDENCE. When parties have reduced their contract to writing, it is elementary that, in the absence of fraud or of mistake, oral evidence is not admissible to vary its terms.

2. **Evidence** examined, and *held* that the judgment of the district court is without reversible error.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*J. A. Douglas* and *A. F. Mullen*, for appellant.

*Hoagland & Carr, Hotz & Lee* and *D. H. Sheehan*, contra.

DEAN, J.

Leypoldt & Wickstrom is a copartnership engaged in the hay business at Hershey. Leypoldt & Pennington is a

copartnership engaged in the same business at North Platte. Mr. Leypoldt is interested in the Hershey and North Platte firms, hence two cases were consolidated and tried in the district court as one case and they will be so considered here. The partnership sued to recover from James M. Alderman, the defendant, $19,231.22 for failure to deliver a quantity of hay alleged by the respective partnerships to have been purchased from him. A jury was waived. Leypoldt & Wickstrom recovered a judgment for $2,379.40, and Leypoldt & Pennington recovered a judgment for $4,079.20. Defendant, Alderman, appealed. The plaintiff partnerships filed a cross-appeal.

Leypoldt & Wickstrom allege that from November 9 until November 11, 1916, they purchased 50 cars of prairie hay from defendant at $7 a ton, to be delivered in three months, as evidenced by an exchange of letters and telegrams, and that such letters and telegrams so exchanged between the parties constitute a contract.

On November 11, 1916, the same parties executed the following instrument: "Newport, Neb., November 16, 1916. This is to confirm sale of one-hundred cars number one upland hay, at $7.00 per net ton track Newport, Nebraska, and fifty cars number two upland hay at $6.00 per net ton, f. o. b. Newport, to Leypoldt & Wickstrom at Hershey, Nebraska, to be shipped to different points as specified by them from time to time. Order to be filled at the rate of from three to four cars per day, loading subject to weather conditions, and car supply. Further acknowledge receipt of Leypoldt & Wickstrom check for $700.00 to apply on the above sale. J. M. Alderman. Leypoldt & Wickstrom, by Carl Wickstrom."

Leypoldt & Wickstrom contend that the letters and telegrams constitute a contract for the purchase of 50 cars in addition to the 150 cars of hay that are mentioned in the instrument of November 11. The court, however, found, and properly so, that the latter, by its terms, included the 50 cars described in the letters and telegrams.

Two additional instruments were entered into between plaintiff, Leypoldt & Pennington, and defendant, Alderman, under date of November 21, 1916. Except as to the price, which was fixed at from $6 to $7.25 a ton, and the amount of hay to be delivered, namely, 175 cars, they are, in all material respects, substantially the same as the one under date of November 11, 1916, that was executed by Leypoldt & Wickstrom and defendant. There seems to be no dispute between the parties respecting the quantity of hay that was delivered.

Defendant in his answer alleged, in substance, that the formal instruments, dated November 16 and 21, are merely memoranda of the transactions between the parties, and prayed that they be reformed to show that fact. He further alleged that there were two or more oral hay contracts and they were made subject to car supply and were not binding as to any hay undelivered after the expiration of three months, and prayed that the alleged oral contracts be decreed "to be the contracts between the parties hereto."

The district court, however, found against defendant on this point and decreed in effect that "the memorandum, copy of which is set out in plaintiff's petition (the formal contracts)," constituted the contracts between the parties, and that defendant was not entitled to a reformation.

Defendant also alleged that the 50 cars referred to in the letters and telegrams were, by the parties, intended to be included in the amount described in the contract of November 16, namely, 150 cars; that the orders were to be filled from current hay; that defendant retained the option to fill other hay orders, and that in no event was the hay to be furnished from stored hay. With respect to the 50 cars of hay, the court properly held that they were included in the written contract of November 16, which incorporated in its terms the prior letters and telegrams. The contract seems to be complete in itself, and it was apparently executed by the parties as such, and, of course, in the absence of fraud or mistake, it cannot be

varied by oral evidence.

There was some evidence on the part of defendant tending to prove that there was a shortage of cars during a part of the shipping period. It appears, however, that hay prices were on the incline, and that defendant, instead of shipping hay to plaintiffs with such cars as were obtainable, shipped to other buyers who paid more than the contract price agreed on between plaintiffs and defendant. It is argued by plaintiffs that the court erred in basing the value on the market prices that prevailed at Newport, the local shipping point. We do not think so. It appears that there is a hay market there, and there is sufficient evidence to sustain the findings of the court on the question of value.

The court found that defendant violated the terms of his several contracts on March 26, 1917, and that plaintiffs were therefore entitled, as damages, to the difference between the contract price and the market price of the different grades of hay respectively on that date. On this point defendant contends that the contracts called for delivery of the hay by instalments, and that the damages, if any, accrued on the failure of the delivery of each instalment. He argued that there was no material rise in hay prices until after March 26, 1917, and that plaintiffs were therefore not entitled to receive at the most more than the difference between the contract price and the market price when the breach occurred. Under the facts, we do not think defendant's argument is tenable. It was not until March 26 that defendant refused to deliver any more hay. It follows that he then and thereby became liable for damages.

The evidence throughout sustains the judgment of the trial court, and it is therefore

                                        AFFIRMED.

DAY, J., not sitting.